United States District Court
Southern District of Texas
**ENTERED**
January 17, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ABIGAIL  ROSALES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | MISCELLANEOUS NO. 2:16-MC-847 |
| | § | |
| SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| | § | |
| Respondent. | § | |

## AMENDED MEMORANDUM AND RECOMMENDATION

On August 3, 2016, on behalf of her mentally disabled brother Plaintiff Dwayne Ward, Abigail Rosales filed the pending application to proceed *in forma pauperis* ("*ifp*"). (D.E. 1).  The *ifp* application is filed in connection with the Complaint.  (D.E. 1-2).  Ms. Rosales also filed a Complaint on Mr. Ward's behalf seeking review of the decision of the Commissioner of the Social Security Administration that Mr. Ward was not entitled to certain benefits.   Neither the application to proceed *in forma pauperis* nor the Complaint were signed by Mr. Ward.

On August 5, 2016, the undersigned entered a deficiency order requiring Mr. Ward or Ms. Rosales to file an amended *ifp* application and an amended Complaint on or before September 2, 2016.  (D.E. 2).  The Order required the Complaint to be signed by Mr. Ward or, alternatively, if signed by Ms. Rosales, to contain specific allegations showing Ms. Rosales is authorized by law to appear in this lawsuit on behalf of Mr.

Ward.[1]  The parties did not comply.  On September 7, 2016, the undersigned entered a memorandum and recommendation to dismiss because Plaintiff did not cure the deficiencies as ordered.  No objections were filed, however, on September 21, 2016, the Court received a power of attorney, partially in Hebrew, in which Mr. Ward appointed Ms. Rosales to be his attorney in fact.  (D.E. 4).  On September 21, 2016, the undersigned entered an order advising Mr. Ward and Ms. Rosales the power of attorney was insufficient to comply with the undersigned's deficiency order.  The parties were granted an extension until October 12, 2016 to comply with the previous order.  On October 12, 2016, the Clerk of Court received another application to proceed *ifp* (D.E. 6) and another Complaint (D.E. 6.1).  Neither were signed by Mr. Ward.

On November 7, 2016, a hearing was held before the undersigned regarding Mr. Ward's *ifp* application.  Mr. Ward and Ms. Rosales appeared in person.  Ms. Rosales is not a lawyer.  Further, Ms. Rosales is not Mr. Ward's legal guardian.  Mr. Ward exhibited clear signs of mental disability.  The undersigned explained the lack of authority for Ms. Rosales to appear in court on behalf of Mr. Ward as she was neither a lawyer nor Mr. Ward's legal guardian.  The parties were further advised that Ms. Rosales could not sign pleadings on Mr. Ward's behalf and that all motions and pleadings would have to be

---

[1]For social security appeals, the Fifth Circuit has recognized an exception to the general rule which prevents non-attorney parents and/or legal guardians from litigating claims on behalf of their minor children in federal court.  *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)(Minor's rights in *pro se* social security appeals are adequately protected without legal counsel because those proceedings "essentially involve the review of an administrative record.")  While Mr. Ward is not a minor, the Fifth Circuit's exception could arguably apply to those with significant mental impairments and their legal guardians.  However, Ms. Rosales is not Mr. Ward's legal guardian.

signed by Mr. Ward if he intended to continue appearing *pro se*.  The undersigned further admonished the parties of the pit falls of *pro se* representation and encouraged the parties to consult with counsel.  Further, the undersigned explained the most recent Complaint (D.E. 6-1) fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Complaint fails to explain the grounds for relief or any explanation of the dispute.  Finally, Mr. Ward lives in Israel and Ms. Rosales lives in Corpus Christi.  The undersigned explained the parties would need to address why venue is proper in the Southern District of Texas.[2]  Mr. Ward was given until December 7, 2016, to file amended pleadings and an amended *ifp* application.  (D.E. 8).

On December 7, 2016, Mr. Ward and Ms. Rosales filed a motion for extension of Time requesting additional time to comply indicating they would like to obtain legal representation.  (D.E. 9).  The undersigned granted the motion and gave Mr. Ward and Ms. Rosales until January 9, 2017 to comply with the previous orders of this Court. (D.E. 10).   Mr. Ward and Ms. Rosales were further advised, again, that a district court may dismiss an action for failure to prosecute or to comply with any order of the Court. (D.E. 10, Page 3); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1998); Fed. R. Civ. P. 41(b).

---

[2]An action for review of a final decision of the Commissioner of Social Security "shall be brought in the ... judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405(g).

Again, Mr. Ward and Ms. Rosales have failed to comply.   This action was originally filed over five months ago and Mr. Ward and Ms. Rosales were first notified of the pleading deficiencies more than four months ago.   (D.E. 3).   Therefore, it is respectfully recommended that Petitioner's case be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997)(holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).

Respectfully submitted this 17th day of January, 2017.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).